STATE of Missouri, Respondent,

v.

Maurice RANDOLPH, Appellant.

Maurice RANDOLPH, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 58988, 60807.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 28, 1992.

Melinda K. Pendergraph, Columbia, John Klosterman, Brian N. Brown, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert Alan Kelly, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his conviction for burglary in the second degree, for which he was sentenced as a prior offender to thirteen years' imprisonment. Defendant also appeals the denial of his Rule 29.15 motion. We affirm.

The sufficiency of the evidence is not at issue in this case. On the evening of February 16, 1990, police were alerted by a silent alarm system of a break-in at a building in the City of St. Louis owned by Mr. William Haverstick. Two officers responded to the alarm and observed Defendant crawling across the floor inside the building. On noticing the police, Defendant was able to escape from the building, but was taken into custody following a short foot chase.

A later investigation of the building revealed that a window had been broken. Mr. Haverstick testified that he had not granted Defendant permission to enter his building.

Following his conviction for burglary in the second degree, Defendant filed a *pro se* Rule 29.15 motion. Defendant's counsel filed an amended Rule 29.15 motion on March 4, 1991. On April 26, 1991, an evidentiary hearing was held on Defendant's

post-conviction claims. The trial court denied Defendant's motion on August 8, 1991.

■ In his first point on appeal, Defendant argues the trial court erred in denying his motion to quash the jury panel on the grounds that the prosecutor exercised his peremptory strikes in a racially discriminatory manner. The prosecutor used three of his six peremptory challenges to exclude blacks from the jury.

■ A reviewing court may not reverse a trial court's decision as to whether the prosecution discriminated in the exercise of its peremptory challenges unless it finds that the decision was clearly erroneous. *State v. Griffin,* 756 S.W.2d 475, 482[3, 4] (Mo. banc 1988), *cert. denied,* 490 U.S. 1113, 1114, 109 S.Ct. 3175, 104 L.Ed.2d 1036 (1988). The prosecutor's explanation as to why he struck the venirepersons cited in Defendant's complaint was satisfactory.

The prosecutor stated he struck Venireperson Hickombottom because she had a close friend whom she used to visit in the city jail. He stated he struck Venireperson Bartlett because he had a nephew who had been jailed in St. Louis, and because he had been harassed by the police when he was young. Finally, the prosecutor stated he struck Venireperson Lenoir because she had taken her family to visit her brother-in-law in jail. The prosecutor also utilized a peremptory challenge to strike a non-black person who had visited a relative in jail. The one person who remained on the jury who had ever visited a jail had visited "a friend of the family," and made no claims that the individual was a close personal friend.

■ The trial court found that these strikes were not racially motivated. *See Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); *State v. Antwine,* 743 S.W.2d 51 (Mo. banc 1987), *cert. denied,* 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988). The record substantiates this finding. The prosecutor's explanation concerning peremptory strikes need not rise to a level justifying the exercise of a challenge for cause. *Batson,* 476 U.S. at 97, 106 S.Ct. at 1723. The prosecutor may use his peremptory challenges on the basis of legitimate "hunches" and past experience as long as racial discrimination is not the motive. *State v. Kilgore,* 771 S.W.2d 57, 63[10] (Mo. banc 1989), *cert. denied,* 493 U.S. 874, 110 S.Ct. 211, 107 L.Ed.2d 164 (1989). In this case, the trial court's ruling was not clearly erroneous. Point denied.

Defendant next argues the motion court clearly erred in denying his post-conviction motion. In that motion, Defendant alleged his trial counsel was ineffective for failing to call certain witnesses that would have supported his defense. The motion court made very detailed and extensive findings of fact discussing each witness at length and explaining why defense counsel's actions with regard to each witness constituted reasonable trial strategy. Upon review of the evidentiary hearing transcript, the trial transcript and the findings of fact, we find the motion court's ruling was not clearly erroneous. Point denied.

Judgment affirmed.

PUDLOWSKI, P.J., and STEPHAN, J., concur.